16-4181-bk
*Kramer v. Mahia (In re Khan)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand seventeen.

PRESENT:    José A. Cabranes,
            Debra A. Livingston,
                    *Circuit Judges.*
            Richard W. Goldberg,
                    *Judge.**

_____

In re: Shahara Khan,

              *Debtor.*                              16-4181-bk

Debra Kramer, as Trustee of the Estate of Shahara
Khan,

              *Plaintiff-Appellee,*

              v.

_____

* Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

1

TOZAMMEL H. MAHIA,

*Defendant-Appellant.*

---

**FOR PLAINTIFF-APPELLEE:**                          Avrum J. Rosen, Rosen, Kantrow & Dillon, PLLC, Huntington, NY.

**FOR DEFENDANT-APPELLANT:**                     Karamvir Dahiya, Dahiya Law Offices, LLC, New York, NY.

Appeal from a November 15, 2016 judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order be and hereby is **AFFIRMED**.

Defendant-Appellant Tozammel H. Mahia ("Mahia") appeals the District Court's judgment granting partial summary judgment to Plaintiff-Appellee Debra Kramer ("Bankruptcy Trustee") and dismissing the Bankruptcy Trustee's other claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Mahia argues that the judgment is erroneous on various grounds, including that (1) both the District Court and the United States Bankruptcy Court for the Eastern District of New York lacked subject-matter jurisdiction; (2) the Bankruptcy Trustee lacked standing to bring the causes of action in this case; (3) the Bankruptcy Court was not permitted to decide this case because bankruptcy judges are not appointed in accordance with the Appointments Clause of the United States Constitution; (4) the District Court erred in concluding that the Bankruptcy Trustee's conduct did not burden Mahia's religious practice in such a way as to violate the First Amendment to the United States Constitution and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4; (5) the District Court failed to apply the statute of limitations to bar the Bankruptcy Trustee's claim of constructive fraud; (6) the Bankruptcy Court failed to provide sufficient reasons for its recommendation for summary judgment and failed to apply a clear-and-convincing-evidence standard of proof; (7) the Bankruptcy Court incorrectly proposed a finding that Debtor Shahara Khan ("Debtor") had not received fair consideration for two property transfers at issue in the case; and (8) the Bankruptcy Court failed to "take . . . into consideration" the Debtor's purported right to a homestead exemption, Br. Def.-Appellant 39.

"We exercise plenary review over a district court's affirmance of a bankruptcy court's decision, reviewing *de novo* the bankruptcy court's conclusion of law, and reviewing its findings of fact for clear error." *Adler v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings Inc.)*, 855 F.3d 459, 469 (2d Cir. 2017) (internal quotation marks and citation omitted).

We conclude after independent review of the record that Mahia's first, second, third, fourth, and seventh arguments are meritless for substantially the same reasons stated in Judge Chen's Memorandum and Order of September 30, 2015. *See* Memorandum & Order at 11-20, 28-31, *Kramer v. Mahia (In re Khan)*, No. 14-MC-01674 (PKC) (E.D.N.Y. Sept. 30, 2015), ECF No. 2. We refuse to consider Mahia's other arguments, since "we generally do not consider arguments not raised below." *Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 327 (2d Cir. 2002).

## CONCLUSION

We have considered Mahia's remaining arguments and find them to be without merit. We therefore **AFFIRM** the District Court's judgment of November 15, 2016. We also hereby **DENY** the Bankruptcy Trustee's motion of November 8, 2017 to impose sanctions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk